[Civ. No. 14507.   First Dist., Div. Two.   Jan. 25, 1951.]

H. WAHL, Respondent, v. RENA GIOVANNINI MARTINELLI, Appellant.

Stephen L. Mana for Appellant.

Alden Ames and Bert W. Hirschberg for Respondent.

NOURSE, P. J.—In May, 1925, an assignee of Dr. Ryan obtained a judgment against Mr. and Mrs. Martinelli on a claim for medical services.   Succeeding judgments on the prior judgment were obtained in 1930, 1939, 1941 and 1947. On the last judgment execution was issued and levy made on the interest of Mrs. Martinelli in certain real property.   On a hearing on an order to show cause why the execution should not be vacated it was shown that the property was conveyed by the father of Mrs. Martinelli to W. Finlay Geary in 1938

and on the same day transferred by Geary to the father for a life estate, the remainder to his two sons and two daughters, one of whom is Mrs. Martinelli. The father died in 1938. Thereafter the two sons conveyed their interest to Mrs. Martinelli and her sister. The record has been augmented to show that on the hearing of the order to show cause all parties assumed that the realty came to Mrs. Martinelli either by gift or devise and the matter was heard on that theory. This appeal is taken from the order refusing to vacate the writ of execution.

The order must be reversed. Section 171 of the Civil Code reads: "The separate property of the wife is liable for her own debts contracted before or after her marriage, but is not liable for her husband's debts; provided, that the separate property of the wife is liable for the payment of debts contracted by the husband or wife for the necessaries of life furnished to them or either of them while they are living together; provided, that the provisions of the foregoing proviso shall not apply to the separate property of the wife held by her at the time of her marriage or acquired by her by devise, succession, or gift, other than by gift from the husband, after marriage."

The parties agree that medical services rendered to the family during coverture are "necessaries of life" within the terms of the first proviso of the section. Hence, under the terms of the second proviso "the separate property of the wife . . . acquired by her by devise, succession or gift" is not liable for family debts contracted for such necessaries.

Respondent cites cases holding that a wife may be jointly and severally liable for certain debts contracted during marriage. But liability for debt and the leviability of certain separate property are two wholly unrelated matters.

Respondent also relies on the overworked postulate that the findings of the trial court on conflicting evidence should not be disturbed. Here there are no findings and no conflicting evidence. The motion was heard on the uncontradicted affidavit of appellant.

The order is reversed.

Dooling, J., and Schottky, J. pro tem., concurred.